Paul E. Danielson, Justice, dissenting. I disagree with the majority’s conclusion that AMI Crim. 2d 705 is a complete statement of the law. While the language of AMI Crim. 2d 705 is a correct statement of the law, it is incomplete in that it does not inform the jury of the State’s burden of proof—only the burden of the defense. Our case law clearly states .that justification is not an affirmative defense and that the prosecution has the burden of negating the defense beyond a reasonable doubt once it has been raised. See Anderson v. State, 353 Ark. 384, 108 S.W.3d 592 (2003); Humphrey v. State, 332 Ark. 398, 966 S.W.2d 213 (1998). Here, the circuit court determined that there was evidence tending to support the | ^justification defense and that an instruction on self-defense was necessary. At that point, the burden was on the 'State to negate- the defense beyond a reasonable doubt. See Ark. Code Ann, § 5-1-102(5)(C); Anderson, 353 Ark. 384, 108 S.W.3d 592; Comment to AMI Crim. 2d 705. In addressing a deféndant’s right to a correct burden of proof, this court has stated as follows: The burden of proof, either the State’s or the defendant’s, is necessary to preserve a defendant’s presumption of innocence and is an issue akin to the right to a jury trial_The defendant is entitled not only to the jury’s consideration of the correct burden of proof in jury-room deliberations, but also when the jury is hearing, weighing, and sifting the evidence presented at trial. Anderson, 353 Ark. at 402, 108 S.W.3d at 603. It is axiomatic that when a jury instruction is erroneous or misleading, it is prejudicial and should not be given to the jury. See Millsap v. Williams, 2014 Ark. 469, 449 S.W.3d 291; Bedell v. Williams, 2012 Ark. 75, 386 S.W.3d 493; Allstate Ins. Co. v. Dodson, 2011 Ark. 19, 376 S.W.3d 414. AMI Crim. 2d 705 informs the jury only of the defendant’s burden in raising the justification of self-defense. It places absolutely no burden on the State to negate the defense. As such, the jury has no idea that the State has a burden with regard to the justification defense. This is an incomplete statement of the law as set forth in Anderson and misleads and causes confusion for the jury. The majority states that “the proffered instruction was not a complete instruction of the law because it presumes that justification is an element of the offense when that is a question for the jury.” This statement ignores our .case law that, provides that “[b]y statute, a justification, such as self-defense, is considered an element of the offense, and once raised, must |18be disproved by the prosecution beyond a reasonable doubt.” Anderson, 353 Ark. at 404, 108 S.W.3d at 604 (citing Ark. Code Ann. § 5—1—102(5)(C) (Supp. 2001)) (emphasis added). AMI Crim. 2d 705 relieves the State of the responsibility to prove beyond a reasonable doubt every element of the offense and is therefore an incomplete statement of the law.[3] . We presume that the jury follows the instructions they are given. See Hall v. State, 315 Ark. 385, 868 S.W.2d 453 (1993). The omission in AMI Crim. 2d 705 of the State’s burden to prove every element of the offense is a fundamental error that is so serious as to deprive Kinsey of a fair trial and a reliable finding of guilt. See Reynolds v. State, 341 Ark. 387, 18 S.W.3d 331. The circuit court’s failure to properly instruct the jury calls into question the validity of the jury’s.,verdict, as it was based on incomplete and .confusing instructions. See Millsap, 2014 Ark. 469, 449 S.W.3d 291. This, clearly constituted an abuse of discretion. Accordingly, I would refer the matter to the Committee on Model Jury Instructions—Criminal, and I would reverse and remand. . The majority misses the point on this issue. While it is the jury’s duty to decide questions of fact, it is the circuit court’s duty to provide the jury with a complete statement of the law. The jury relies on the law provided in the jury instructions and applies that law to the facts of the case. The jury simply cannot do its job of deciding- factual questions if it is not given a complete statement of the law.